## JONATHAN F. CARLTON *vs.* GEORGE F. CHOATE.

A mistake made by a magistrate, in giving to a party who is under recognizance to appear before him for examination erroneous information of the hour to which the hearing had been adjourned, does not affect the legality of proceedings had in the absence of such party, upon his default, at the time to which the hearing was in fact adjourned.

PETITION for a writ of *certiorari*, setting forth that the petitioner, having been arrested on an execution, was brought before the respondent, judge of probate for the county of Essex, and recognized to deliver himself up for examination according to law; that he gave due notice to the creditor and duly appeared, and the hearing was continued several times, and in the interim after the last continuance the respondent gave notice to the petitioner and to his counsel that the examination was adjourned until a certain day at ten o'clock in the morning, and on that day at twenty minutes before eleven the petitioner with his counsel accordingly appeared at the place of examination, and was informed that the case had been adjourned until half past nine of that morning, and that at the expiration of one hour from that time a default had been entered; that the petitioner then proved to the satisfaction of the respondent that he had been misinformed of the hour to which the case had been adjourned, as above set forth, and expressed his wish to be examined; but the respondent considered that it was not in his power to take off the default.

The respondent in his answer admitted the truth of the facts

set forth in the petition, but protested that this process would not lie against him on account thereof; and averred that the actual adjournment of the case was until half past nine, and that the misinformation was given to the petitioner through mistake.

*G. Wheatland,* for the petitioner.

*S. B. Ives, Jr.,* for the respondent.

BIGELOW, C. J. The petitioner can gain nothing by a writ of *certiorari.* There is no error in the record; the mistake was in the informal notice of the adjournment which was given by the judge of probate to the petitioner. If we had the record before us, we could not quash, alter or amend it, or render a different judgment from that which was entered.

Besides; the only relief which could in any way avail the petitioner would be to save or cure the breach of his recognizance. This cannot be done by a writ of *certiorari,* nor in any other mode, so far as we can now see. *Petition dismissed.*